MORRISON TENENBAUM PLLC
*Counsel to the Debtor*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                              Chapter 11

VILLAGE RED RESTAURANT CORP.                        Case No. 18-10960 (MEW)
d/b/a WAVERLY RESTAURANT,

                        Debtor.
------------------------------------------------------------X

**MOTION OF THE DEBTOR FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES; AND (B) SCHEDULING BID DEADLINE, AUCTION DATE, AND SALE HEARING AND APPROVING NOTICE THEREOF; AND (II) AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND LIABILITIES**

Village Red Restaurant Corp. d/b/a Waverly Restaurant (the "Debtor"), the debtor and debtor-in-possession, by and through its attorneys Morrison Tenenbaum PLLC, files this motion (the "Motion") for: entry of an order, in substantially the form attached as Exhibit 1 hereto (the "Bidding Procedures Order"), (a) approving bidding procedures (the "Bidding Procedures"), to be used for the sale (the "Sale") of substantially all of the Debtor's assets and related personal property (the "Purchased Assets") to 135 Waverly Realty, LLC ("135 Realty"), subject to higher and better offers,[1] and the proposed Asset Purchase Agreement (the "Purchase Agreement") in conjunction therewith, and (b) scheduling the bid deadline, auction date, and sale hearing and approving the form and manner of notice thereof, and following a subsequent hearing (the "Sale

---

[1] Any capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures.

Hearing"), entry of an order (the "Sale Order") approving (a) the sale of the Purchased Assets under the Purchase Agreement to the prevailing bidder (the "Prevailing Bidder") to be determined at the Auction, free and clear of liens, claims and interests, except for Assumed Liabilities and Permitted Encumbrances, (b) the Purchase Agreement and the obligations incurred by the Debtor and the Prevailing Bidder thereunder, and (c) granting related relief. In support of the Motion, the Debtor respectfully states as follows:

## I.    JURISDICTION & VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105(a), 363(b), 363(f), 363(k), 363(m), 365, 503 and 507, Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004, 6006 and 9014, and Rule 6004-1 of the E.D.N.Y. Local Bankruptcy Rules (the "Local Rules").

## II.    BACKGROUND

4. On April 6, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner or committee of creditors has been appointed in this case.

6. The Debtor owns a restaurant located at 385 6th Avenue, New York, NY 10014 which operates under the name Waverly Restaurant.

7. The Debtor's assets include cash on hand of approximately $9,000.00, food inventory with a sale/liquidation value of $0.00, and restaurant equipment, tables and chairs with a value of approximately $9,000.00[2] (the "Purchased Assets").

8. The Debtor does not have a lease and is a month-to-month tenant. The Debtor's landlord 135 Realty is the proposed purchaser of the Debtor's assets who has agreed to pay the sum of $50,000.00 subject to higher and better offers.

9. The Debtor's bankruptcy filing was precipitated by two FLSA actions pending in the United States District Court for the Southern District of New York, captioned: *Garcia v. Village Red Restaurant Corp.*, 15-cv-06292 and *Nieto v. Village Red Restaurant Corp.*, 17-cv-02037.

10. The Sale of the Purchased Assets contemplated herein is subject to a competitive Auction process that will assure that the maximum value for the Purchased Assets will be realized for the Debtor's estate and its creditors. Accordingly, the Debtor has filed this Motion seeking the approval of the Bidding Procedures and, following a subsequent hearing (i.e., the Sale Hearing), approval of the Sale of the Purchased Assets.

### III. RELIEF REQUESTED

11. This Motion seeks relief in two parts. First, the Motion seeks approval of various procedures relating to the proposed sale and the scheduling of a second hearing. Second, the Motion seeks approval of the proposed sale and related transactions following the conclusion of the second hearing.

---

[2] The liquidation value is pursuant to an appraisal obtained by the Debtor from Eliot Millman Auctioneers LLC on August 31, 2018. A copy of the appraisal is annexed hereto as Exhibit 3.

### A. Bidding Procedures & Purchase Agreement

12. The hearing to seek approval of the order approving the Bidding Procedures is intended to, among other things, establish the form and manner of notice of the Sale and establish the Bidding Procedures by which parties may participate in the Auction. A copy of the proposed Bidding Procedures the Debtor seeks to have approved is set forth in <u>Exhibit A</u> to the Bidding Procedures Order, which is attached hereto as <u>Exhibit 1</u>.

13. The proposed Sale to the Prevailing Bidder shall be under the Purchase Agreement annexed as <u>Exhibit B</u> which is the form that other Potential Bidders will use to submit Qualified Bids marked to show any changes in such bidder's proposed bid. Accordingly, utilizing the proposed Purchase Agreement will provide a uniform basis for Potential Bidders to bid and the Debtor to analyze Qualified Bids.

### B. Proposed Notice Procedures

14. The Debtor will cause to be served, within five (5) business days after issuance of the Bidding Procedures Order, by first-class mail, postage prepaid, (i) notice of the Bid Deadline, Auction, and Sale Hearing substantially in the form annexed to the Bidding Procedures Order as <u>Exhibit C</u> (the "<u>Notice of Bid Deadline, Auction, and Sale Hearing</u>"), (ii) the Bidding Procedures Order including the Bidding Procedures attached thereto and (iii) the Motion (the Notice of Bid Deadline, Auction and Sale Hearing, this Order and the Bidding Procedures, the Motion, collectively, the "<u>Sale Package</u>"), upon: (a) all potential buyers previously identified or solicited by the Debtor and any additional parties who have previously expressed an interest in potentially acquiring the Purchased Assets, (b) all other potentially interested parties identified by the Debtor or their professionals; (c) the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"), (d) the Debtor's Landlord and counsel to the Landlord, (e) all

parties in interest who have requested notice in the Case under Bankruptcy Rule 2002, (f) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Purchased Assets, (g) the Internal Revenue Service, and (h) all applicable federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested in the Motion.

15. To be considered by the Court, any objections to the Sale of the Purchased Assets to the Prevailing Bidder or to the Purchase Agreement submitted by the Prevailing Bidder shall (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objecting party, the nature and amount of any claims or interest held or asserted against the Debtor's estate or its properties, the basis for the objection and the specific grounds therefor and (d) be filed with the Court and served on the following (collectively, the "Objection Notice Parties"): (i) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, attn: Richard Morrisey, Esq., (ii) Debtor's counsel, Morrison Tenenbaum PLLC, 87 Walker Street, Floor 2, New York, New York 10013, attn: Lawrence F. Morrison, Esq. and Brian J. Hufnagel, Esq., and (iii) counsel for the Prevailing Bidder.

16. The Debtor requests that any party failing to timely file and serve an objection on the Objection Notice Parties shall be barred from asserting an objection to the Motion, the Sale to the Prevailing Bidder (including any objection to the Debtor's ability to transfer the Purchased Assets free and clear of all liens, claims, encumbrances and interests ("Liabilities") (other than any Liabilities assumed under the Purchase Agreement submitted by the Prevailing Bidder) the proposed Cure Amount and the assumption, sale and assignment of the Lease to the Prevailing Bidder.

### C. Approval of Sale

17. The Debtor requests that at the conclusion of the Sale Hearing, that the Court enter the Sale Order approving the proposed sale of the Purchased Assets, free and clear of Liabilities (except for Liabilities assumed by the Prevailing Bidder) in accordance with the terms and conditions contained in the Purchase Agreement to the Prevailing Bidder, authorizing the assumption and assignment of the Lease in accordance with the Purchase Agreement, and granting such other relief as is necessary to effectuate the transactions contemplated by the Purchase Agreement.

18. The Debtor also requests that the Court waive the fourteen (14) day stay that otherwise may be applicable under Bankruptcy Rules 6004(h) and 6006(d), so that each of the Bidding Procedures Order and the Sale Order is effective immediately upon entry.

### IV. BASIS FOR RELIEF REQUESTED

19. In accordance with Bankruptcy Rule 6004, sales of property outside the ordinary course of business may be by private sale or public auction. The Debtor has determined that a sale of the Purchased Assets, which will be the result of a process in which parties may make qualifying bids and participate in an open auction, will enable the Debtor to obtain the most consideration possible for the Debtor's assets, for the benefit of all parties in interest. The proposed Bidding Procedures will facilitate that objective.

### A. The Proposed Bidding Procedures and Proposed Purchase Agreement are Reasonable and Appropriate

20. Courts have made clear that a trustee or debtor's business judgment is entitled to substantial deference with respect to the procedures to be used in selling assets from the estate. *See, e.g., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (Bankr. S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the proceeds

received by the estate. *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand."); *Integrated Resources*, 147 B.R. at 659 (same); *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988) (same). In that regard, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy sales. *Integrated Resources*, 147 B.R. at 659.

21. The proposed Bidding Procedures will allow the Debtor to consider Qualified Bids for the Purchased Assets and, if the Debtor receives such Qualified Bids, to conduct the Auction in a controlled, fair and open fashion that will encourage participation by financially able bidders who demonstrate the ability to close a transaction. This will increase the likelihood that the Debtor will receive the greatest possible consideration for the Purchased Assets. The Bidding Procedures also set forth a schedule for achieving these objectives in an expeditious manner, balancing the Debtor's desire to maximize recovery for the benefit of the Debtor's estate, with the need to move quickly to preserve the value of the Debtor's business as a going concern. Moreover, the proposed Purchase Agreement will also promote these objectives by providing a uniform basis for Potential Bidders to bid and the Debtor to analyze Qualified Bids.

22. For these reasons, the Debtor requests that the Court authorize the Bidding Procedures and the proposed Purchase Agreement.

### B. The Sale of Assets Pursuant to the Purchase Agreement is Authorized by Section 363(b) of the Bankruptcy Code

23. Section 363(b)(1) of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not

specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, courts require that such use, sale or lease be based upon a debtor's sound business judgment of the debtor. *See In re Lionel Corp.*, 722 F.2d 1`063, 1071 (2d Cir. 1983).

24. The business judgment rule shields a trustee or debtor's management from judicial second-guessing. *See In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions"). Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *Integrated Resources*, 147 B.R. at 656 (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.

25. The prompt sale of the Purchased Assets is the best opportunity to maximize the value for the Debtor's estate. Pursuant to the Purchase Agreement that will be submitted by the Prevailing Bidder, the Prevailing Bidder will provide substantial consideration to the Debtor's estate. Namely, the consideration to be paid by the Prevailing Bidder for the Purchased Assets. The proposed Purchase Agreement will provide for payment of the Purchase Price by the Prevailing Bidder plus payment of other obligations, most importantly, Cure Amounts for the Lease (thereby reducing claims against the Debtor's estate). Accordingly, the value to be obtained for the Debtor's estate through this process is significant and should bring about a meaningful result for the Debtor's creditors. The Debtor submits that the proposed Sale will satisfy the business judgment test.

26. In addition, based on the Debtor's marketing efforts prior to the Petition Date and the Debtor's and the Broker's marketing efforts since the Petition Date, the Debtor submits that the consideration to be paid by the Prevailing Bidder under the Purchase Agreement with such bidder will be fair and reasonable. Accordingly, as a result of the Auction process it will be clear that the consideration being paid by the Prevailing Bidder is the best available.

27. For all of these reasons, the Debtor has determined that the best if not only viable opportunity to maximize value for the Debtor's estate is to sell the Purchased Assets as set forth in this Motion. Accordingly, it is a valid exercise of the Debtor's business judgment to seek approval of the Bidding Procedures and the Sale.

C. **Approval of Sale Free and Clear of All Liens, Claims, Interests, Encumbrances & Liabilities**

28. The Debtor respectfully submits that it is appropriate to sell the Purchased Assets free and clear of Liabilities (except for Liabilities assumed by the Prevailing Bidder) pursuant to section 363(f) of the Bankruptcy Code, with any such liens, claims, encumbrances or interests attaching to the net sale proceeds of the Purchased Assets to the extent applicable. Section 363(f) of the Bankruptcy Code authorizes a trustee or debtor to sell assets free and clear of liens, claims, interests and encumbrances if:

A. applicable nonbankruptcy law permits sale of such property free and clear of such interests;

B. such entity consents;

C. such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

D. such interest is in bona fide dispute; or

E. such entity could be compelled, in a legal or equitable proceeding, to accept a

money satisfaction of such interest.

*See* 11 U.S.C. § 363(f). This provision is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

29. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Purchased Assets "free and clear" of liens and interests. *In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, *12 (Bankr. S.D.N.Y. Mar. 6,1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (stating that Bankruptcy Code section 363(f) is written in the disjunctive; holding that the court may approve the sale "free and clear" provided at least one of the subsections of section 363(f) of the Bankruptcy Code is met).

30. The Debtor does not know of any secured creditors that hold liens on its assets. The Debtor believes that for any known or unknown lienholders that exist, one or more of the tests of section 363(f) will be satisfied with respect to the transfer of the Purchased Assets pursuant to the Purchase Agreement submitted by the Prevailing Bidder. In particular, any and all lienholders will be adequately protected by having their liens against the Debtor or the estate attach to the cash proceeds of the Purchased Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Debtor and the Debtor's estate may possess with

respect thereto. Accordingly, section 363(f) of the Bankruptcy Code authorizes the transfer and conveyance of the Purchased Assets free and clear of any such Liabilities.

### D. The Purchased Assets Should be Sold Free and Clear of Successor Liability

31. Under the Purchase Agreement, the Prevailing Bidder will be assuming only those Liabilities expressly assumed and set forth therein. The Prevailing Bidder, therefore, should not be liable for any of the Debtor's liabilities in connection with the sale of the Purchased Assets as a successor to the Debtor's business or otherwise, unless expressly assumed.

32. Courts have consistently held that a buyer of a debtor's assets pursuant to a section 363 sale takes free from successor liability resulting from pre- existing claims. *See In re Chrysler LLC*, 576 F.3d 108, 126 (2d Cir. 2009), *cert. granted, judgment vacated sub nom. Indiana State Police Pension Trust v. Chrysler LLC*, 558 U.S. 1087, 130 S. Ct. 1015, 175 L. Ed. 2d 614 (2009), and *vacated sub nom. In re Chrysler, LLC*, 592 F.3d 370 (2d Cir. 2010) (sale authorized free and clear of products liability claims); *but see In Matter of Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016), *cert. denied sub nom. Gen. Motors LLC v. Elliott*, No. 16-764, 2017 WL 1427591 (U.S. Apr. 24, 2017) (creditors with ignition switch claims were entitled to notice by direct mail or some equivalent, not mere publication notice); *see also Ninth Ave. Remedial Group v. Allis-Chalmers Corp.*, 195 B.R. 716, 732 (N.D. Ind. 1996) (stating that a bankruptcy court has the power to sell assets free and clear of any interest that could be brought against the bankruptcy estate during the bankruptcy); *MacArthur Co. v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 837 F.2d 89, 93-94 (2d Cir. 1988) (channeling of claims to proceeds consistent with intent of sale free and clear under section 363(f) of the Bankruptcy Code); *In re New England Fish Co.*, 19 B.R. 323, 329 (Bankr. W.D. Wash. 1982) (transfer of property in free and clear sale included free and clear of Title VII employment discrimination

and civil rights claims of debtor's employees); *In re Hoffman*, 53 B.R. 874, 876 (Bankr. D. R.I. 1985) (transfer of liquor license free and clear of any interest permissible even though the estate had unpaid taxes).

33. The purpose of an order purporting to authorize the transfer of assets free and clear of all "interests" would be frustrated if claimants could thereafter use the transfer as a basis to assert claims against the Prevailing Bidder arising from the Debtor's pre-Sale conduct. Under section 363(f) of the Bankruptcy Code, the Prevailing Bidder is entitled to know that the Purchased Assets are not infected with latent claims that will be asserted against the Prevailing Bidder after the proposed transaction is completed.

34. Accordingly, consistent with the above-cited case law, the order approving the sale of the Purchased Assets should state that the Prevailing Bidder is not liable as a successor under any theory of successor liability, for claims that encumber or relate to the Purchased Assets (except for Liabilities assumed by the Prevailing Bidder).

### E. **The Prevailing Bidder is a Good Faith Purchaser and is Entitled to the Full Protections of Section 363(m) of the Bankruptcy Code**

35. The Debtor requests that the Court find that the Prevailing Bidder is entitled to the full protections of section 363(m) of the Bankruptcy Code. Courts have indicated that a party would have to show fraud or collusion between the buyer and the debtor-in-possession or trustee or other bidders in order to demonstrate a lack of good faith. *See In re Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."); *See also In re Angelika Films 57th, Inc.*, 1997 U.S. Dist. LEXIS 7463 at *19-*28 (S.D.N.Y. May 29, 1997).

36. As discussed, there is ample business justification for the proposed Sale of the Debtor's assets, the sale and the Purchase Agreement will have been pursued in good faith, and there will have been no fraud or collusion between the Debtor, the Prevailing Bidder or any other bidder. In addition, the Purchase Agreement will be the product of extensive, arm's length negotiations between the Debtor and the Prevailing Bidder.

37. Further, the Prevailing Bidder will have recognized that the Debtor is free to deal with any other party interested in acquiring the Purchased Assets. In fact, the Bidding Procedures and Auction process contemplated by this Motion make this point abundantly clear. At the Sale Hearing, the Debtor will be able to demonstrate that the Prevailing Bidder has also complied with the Bidding Procedures Order and agreed to subject its bid to the competitive Bidding Procedures. Additionally, all payments to be made to the Prevailing Bidder and other agreements or arrangements entered into by the Prevailing Bidder in connection with the Sale will have been disclosed. In this regard, the Debtor intends to offer evidence at the Sale Hearing to show that such Prevailing Bidder is entitled to the protection of section 363(m) of the Bankruptcy Code.

### F. Relief Under Bankruptcy Rules 6004(h) And 6006(d) Is Appropriate

38. Bankruptcy Rule 6004(h) provides that an order authorizing the use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Also, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease … is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006(d). The Debtor requests that any order approving the proposed Purchase Agreement (or the Bidding Procedures in connection with the sale proposed thereunder) be

effective immediately by providing that the 14-day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

40. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Lawrence P. King, Collier on Bankruptcy, 6004.10 (16th Ed. 2011). Collier further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay, unless the court determines that the need to proceed sooner outweighs the interests of the objecting party. *Id.*

40. To maximize the value received for the Purchased Assets, the Debtor seeks to implement the Bidding Procedures and Auction process as quickly as possible after the Bidding Procedures Hearing, as well as close the Sale as soon as possible after the Sale Hearing. Accordingly, the Debtor hereby requests that the Court waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d) or, in the alternative, if an objection to the Sale is filed, reduce the stay period to the minimum amount of time needed by the objecting party to seek a stay pending appeal.

## V. NOTICE

41. The Debtor is serving this Motion on the United States Trustee, counsel to 135 Realty, and all parties that have filed a notice of appearance. Upon approval of the bidding

procedures, the full motion and bid package will be served on all creditors as described in accordance with paragraph 14 above. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter the Bidding Procedures Order attached hereto as Exhibit 1 and, following the subsequent Sale Hearing, enter the Sale Order in substantially the form attached hereto as Exhibit 2, and grant such other relief as this Court deems proper and just.

Dated: New York, New York
November 19, 2018

Respectfully Submitted,

MORRISON TENENBAUM PLLC

 /s/ Lawrence F. Morrison
By: Lawrence F. Morrison
Brian J. Hufnagel
*Counsel for the Debtor and Debtor in Possession*
87 Walker Street, Floor 2
New York, New York 10013
lmorrison@m-t-law.com
bjhufnagel@m-t-law.com