**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                                          Chapter 11

**VILLAGE RED RESTAURANT CORP.**              Case No. 18-10960 (MEW)
**d/b/a WAVERLY RESTAURANT,**

                                    **Debtor.**
-------------------------------------------------------------X

**ORDER CONFIRMING RESULTS OF AUCTION SALE OF THE
DEBTOR'S PROPERTY PURSUANT TO BANKRUPTCY CODE
SECTIONS 363(b), (f) AND (m) AND GRANTING RELATED RELIEF**

UPON the motion of Village Red Restaurant Corp. d/b/a Waverly Restaurant (the "Debtor"), the above-captioned debtor and debtor-in-possession in this Chapter 11 case, on December 12, 2018, the Court entered an Order (I) Approving Bidding Procedures, (the "Auction Procedures") and Scheduling an Auction and Sale Hearing (ECF Doc. No. 30, the "Auction Procedures Order"); and

The Debtor having conducted an auction pursuant to the Auction Procedures Order of substantially all of the assets of the Debtor including all of the contents of the restaurant operated by the Debtor located at 385 6th Avenue, New York, NY 10014 (the "Property,") at the offices of its counsel Morrison Tenenbaum PLLC on January 23, 2019 at 3:00 pm ("Auction"); and

At the Auction 135 Waverly Realty, LLC, who reserves the right to assign its bid to a newly formed entity ("Purchaser"), bid $50,000.00 for the Assets and executed a contract (the "Contract of Sale"); and

On May 29, 2019, the Debtor, the Purchaser, and the National Labor Relations Board ("Board") entered into a Stipulation which increased the purchase price to $100,000 and preserved the Board's right to pursue any claims or actions against any and all

potentially derivatively liable entities, including but not limited to the Purchaser, in order to achieve compliance with the Board Order in Board Case No. 02-CA-162509; and

No other bids having been made at the Auction; and

Upon the hearing on May 7, 2019 ("Sale Confirmation Hearing") to (a) confirm the results of the sale process, (b) authorize the sale of the Property pursuant to the Contract of Sale, and (c) grant such other relief as may be deemed necessary or proper by the Court; and upon all other pleadings related thereto and other documents filed by other parties in interest, and the Court having considered the statements of counsel and the evidence proffered at the Sale Confirmation Hearing; and all other hearings held with regard to the subject matter hereof; and it appearing that the relief requested in this Order confirming the sale of the Property, in accordance with the Auction Procedures Order is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, this Court hereby makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    This matter is a core proceeding which a bankruptcy court has the power to hear and determine in its entirety and enter a final order with respect thereto pursuant to sections 157(b)(1) and 1334(b) of title 28 of the United States Code ("Title 28"). This matter is a core proceeding within the meaning of Title 28 section 157(b)(2)(A), (K), (N)

---

[1] Findings of Fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* Rule 7052 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

and (O) and venue of the Debtor's Chapter 11 Case is proper in this district pursuant to Title 28 sections 1408 and 1409.

B. The statutory predicates for the relief sought are sections 102(1), 363, 365 and 105 of title 11 of the United States Code ("<u>Bankruptcy Code</u>"), and Bankruptcy Rules 2002, 6004, 6006, 9004, 9006, and 9013, and Local Rules 6004-1 and 6006-1.

C. As evidenced by (i) the affidavits of service filed with this Court and (ii) the proceedings had before the Court at the Sale Confirmation Hearing, due, proper, timely, adequate, and sufficient notice of the Auction Procedures, the Auction, and the Sale Confirmation Hearing was given; such notice was good, sufficient and appropriate under the circumstances and no other or further notice of the Auction, the Sale Confirmation Hearing, or the relief sought with respect to them, including the Sale, shall be required.

D. The Auction Procedures Order, which provided for the scheduling of the date and time of the Auction and the Sale Confirmation Hearing, was duly and properly served on all required persons and entities. Copies of the Auction Procedures were circulated to, among others, everyone who expressed an interest to the Debtor in seeking to become a Qualified Bidder.

E. Good, sufficient and sound business purposes and justification for approval of the Sale of the Property has been articulated. The relief requested is within the reasonable business judgment of the Debtor and is made in accordance with the terms of the Auction Procedures Order and is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

**Findings and Conclusions With Respect to the Sale**

F.  The Debtor, in accordance with the Auction Procedures afforded a full, fair and reasonable opportunity for any bidder to make a higher and better offer for the Property.  At the conclusion of the Auction, the Debtor determined that the opening bid of Purchaser was the only Qualified Bid.

G.  The terms and conditions set forth in the Auction Procedures for the Sale of the Property were fair and reasonable, and resulted in a sale transaction that is in good faith, at arm's-length and without collusion or fraud.  Purchaser is acquiring the Property in good faith within the meaning of Bankruptcy Code section 363(m), and is therefore entitled to the protections afforded by that statutory provision.

H.  No evidence has been offered that either the Debtors nor Purchaser have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate Bankruptcy Code section 363(n) to the Sale or to the consummation of the transactions contemplated thereby.

I.  Purchaser's bid (i) is the highest and best bid received by the Debtor for the Property; and (ii) is fair and reasonable.  Purchaser is determined and confirmed by this Court to be the Successful Bidder at the Auction and accepting Purchaser's Opening Credit Bid is in the best interests of the Debtor, its creditors, and its estate.

J.  The Property shall be sold to Purchaser free and clear of any and all liens and all "claims" as defined in Bankruptcy Code section 101(5) ("**Liens and Claims**"), to the fullest extent permitted by section 363(f) of the Bankruptcy Code, except to the extent specified otherwise in the stipulation between the Purchaser, the Debtor and the Board.

K. The Debtor may sell the Property free and clear of Liens and Claims because, in each case, one or more of the requirements set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied subject to the terms and conditions of this Order.

L. The Debtor has full corporate and statutory power and authority to execute and deliver the Property in accordance with this Order, the Auction Procedures Order, the Contract of Sale and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor or Purchaser to consummate the transactions contemplated by this Order, the Auction Procedures Order and the Contract of Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

**General Provisions**

1. The relief requested, to the extent not previously granted and approved in the Auction Procedures Order, is granted and approved as provided herein, subject to the terms and conditions as set forth herein.

2. For the reasons set forth on the record at the Sale Confirmation Hearing or in proceedings had before this Court, any objections to the Auction, the confirmation of the Auction, or the relief granted and approved in this Order that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits and denied with prejudice.

3. Except as expressly provided for herein, the terms and provisions of this Order shall be binding upon in all respects upon: the Debtor and its officers, partners, managers, employees, directors, members and shareholders; the Debtor's estate, and all

persons or entities (as those terms are defined in the Bankruptcy Code) asserting claims against or interests in the Debtor, or its estate (including, but not limited to, all non-debtor parties asserting any Liens and Claims in and against the Property); Purchaser and its respective officers, directors, partners, shareholders, and members; and all other interested parties; and, with respect to those identified in this paragraph, their respective successors and assigns, and any trustees, if any, subsequently appointed in the Debtor's Chapter 11 case or upon a conversion of the Chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

**Approval of the Sale of the Property to Purchaser**

4. The sale of the Property pursuant to the Contract of Sale is approved in all respects. Pursuant to Bankruptcy Code sections 363(b) and (f), the Debtor is hereby authorized and empowered to take any and all actions necessary or appropriate, to execute and deliver, perform under, consummate, implement, and close fully the Sale of Property to Purchaser, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the transactions set forth in this Order.

5. The consideration provided by Purchaser for the Property is fair and reasonable.

**Sale of Acquired Assets Free and Clear**

6. The Property being sold shall be sold free and clear of any and all Liens and Claims to the fullest extent permitted by Section 363(f) of the Bankruptcy Code, subject to the Board's rights in accordance with the Stipulation between the Debtor, Purchaser, and the Board.

**Purchaser Entitled to Good Faith Protection**

7. All of the transactions contemplated by this Order with respect to the Sale, transfer and conveyance of the Property to Purchaser shall be protected by Bankruptcy Code section 363(m).

**Closing**

8. In the absence of any person or entity obtaining a stay pending appeal prior to the Closing, the Debtor and Purchaser are free to consummate the Sale of the Property to Purchaser at any time after entry of this Order becomes effective under Bankruptcy Rule 6004(h), and shall be afforded the protections of Bankruptcy Code section 363(m) as to all aspects of the sale transaction under and pursuant to the terms of the this Order, if this Order or any authorization contained herein is reversed or modified on appeal. The Purchaser shall close title to the Property at a date that is no more than forty (40) days after entry of this Order.

9. All sale proceeds shall be held by Debtor's counsel in a separate escrow account and shall not be disbursed pending further order of the Court.

10. In the event that the Purchaser's $25,000 deposit becomes nonrefundable or otherwise due and payable to the Debtor under the Contract of Sale (the "Forfeited Deposit"), counsel for the Debtor shall hold the Forfeited Deposit in escrow until further order of this Court.

**Enabling Authority**

11. The Debtor is authorized and empowered to sell, transfer and otherwise convey the Property to Purchaser in accordance with the terms of this Order.

12. The Debtor and Purchaser, and each of their respective officers, employees and agents be, and they hereby are, authorized to execute such documents and to do such acts as are necessary or desirable to carry out the sale and effectuate the Sale of the Property to Purchaser.

13. Purchaser is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order and the conduct of the Sale.

14. This Court retains exclusive jurisdiction to interpret and enforce this Order and to adjudicate, if necessary, any and all disputes concerning or relating in any way to, or affecting, this Order and the relief provided herein, and any of the transactions contemplated by this Order or its implementation, including, without limitation, to protect the Debtor and Purchaser from interference with the Sale, and to resolve any disputes related to the Sale or the implementation of the Sale.

**Other Provisions**

15. This Order is and shall be binding upon and govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing

any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

16. If any person or entity that has filed financing statements, mortgages, deed of trust, mechanic's liens, *lis pendens* or other documents, instruments or agreements evidencing Liens or Claims against the Debtor or the Property has not delivered to the Debtor or Purchaser prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor or the Property, then with regard to the Property that is being purchased by Purchaser pursuant to this Order, then Purchaser is hereby authorized, but not directed, to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and Claims against the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office. Notwithstanding and without limiting the foregoing, the provisions of this Order authorizing the Sale of the Property free and clear of Liens and Claims, shall be self-executing, and neither the Debtor nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

17. Any documents or other instruments related to the Sale may be modified, amended or supplemented without further order of this Court but only to the extent they do not materially alter the approved terms of sale.

18. The provisions of this Order are non-severable and mutually dependent.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 4, 2019
      New York, New York

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE