UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                          Chapter 11

VILLAGE RED RESTAURANT CORP.                    Case No. 18-10960 (MEW)
d/b/a WAVERLY RESTAURANT,

                            Debtor.
-----------------------------------------------------------------X

## ORDER CONFIRMING CHAPTER 11 PLAN

Village Red Restaurant Corp. d/b/a Waverly Restaurant (the "Debtor") having filed the *Debtor's Second Amended Plan of Liquidation Under Chapter 11 Dated September 12, 2019* (the "Plan") in accordance with section 1121 of title 11 of the United States Code (the "Bankruptcy Code"); and the Bankruptcy Court having entered an Order dated August 22, 2019 (the "Disclosure Statement Order") approving the disclosure statement (the "Disclosure Statement") and authorizing dissemination of the Plan and Disclosure Statement and scheduling a hearing on confirmation (the "Confirmation Hearing") for September 17, 2019 at 10:00 a.m. (ECF Doc. No. 63); and the Debtor having duly served a copy of the Plan, Disclosure Statement and Disclosure Statement Order on all creditors and parties in interest; and the Court having held the Confirmation Hearing on September 17, 2019; and upon the entire record of this case, including, without limitation, the record made at the Confirmation Hearing on September 17, 2019; and after due deliberation and good and sufficient cause appearing therefor, it is hereby **DETERMINED, FOUND, ADJUDGED, AND DECREED**:[1]

1.    The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(a). Venue of this proceeding and this bankruptcy case in this

---

[1] To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

district is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and this Court has jurisdiction to enter a final order with respect to thereto.

2. Due, timely, sufficient and adequate notice of the Plan, the Confirmation Hearing and the deadlines for filing objections to the Plan has been given to all known holders of Claims or Interests and other parties in interest in accordance with the procedures established by the Disclosure Statement Order, the direction of this Court, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Bankruptcy Court and no other or further notice is required.

3. The classification scheme of Claims and Interests in the Plan is reasonable and complies with the requirements of Sections 1122 and 1123 of the Bankruptcy Code. Claims or Interests in each particular Class are substantially similar to other Claims contained in such Class.

4. As required by and in compliance with Sections 1123(a)(1), (a)(2) and (a)(3) of the Bankruptcy Code, the Plan: (a) identifies the Classes of Claims against the Debtor; (b) specifies the Classes of Claims that are Impaired and not Impaired under the Plan; and (c) specifies the treatment of each Class of Claims under the Plan.

5. Consistent with Section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim in a particular Class, unless a holder of a Claim has agreed to a less favorable treatment.

6. As required by section 1123(a)(5) of the Bankruptcy Code, the Plan contemplates adequate means for its execution and implementation.

7. The Plan provides that the Plan Administrator will administer the Plan, and the Debtor will wind down its affairs and liquidate.

8. In conjunction with Section 1123(a)(7) of the Bankruptcy Code, the Plan identifies Morrison Tenenbaum PLLC as the initial disbursing agent and the Plan Administrator as the disbursing agent who will make payments to creditors as provided by the Plan.

9. Consistent with Section 1123(b) of the Bankruptcy Code, the Plan provides that classes of claims are impaired or unimpaired. Each of the provisions of the Plan is consistent with Section 1123(b) of the Bankruptcy Code and permissible under applicable laws.

10. As required by Section 1129(a)(1) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code.

11. As required by Section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with all of the applicable provisions of the Bankruptcy Code, including, without limitation, the disclosure and solicitation requirements of Sections 1125 and 1126 of the Bankruptcy Code.

12. As required by Section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law. The Debtor has valid and legitimate business reasons for proposing the Plan.

13. As required by Section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor for services or for costs and expenses in connection with this bankruptcy case, or in connection with the Plan, other than those incurred in the ordinary course of business, has been approved, or is subject to approval of, the Bankruptcy Court, as reasonable.

14. In accordance with Section 1129(a)(5)(A) of the Bankruptcy Code, the Plan identifies the individuals who will serve as the disbursing agent for the Debtor after confirmation of the Plan, and such appointment is consistent with the interest of creditors and equity security holders and with public policy.

15. Section 1129(a)(6) of the Bankruptcy Code is not applicable because the Debtor does not charge rates that are the subject of any regulatory commission jurisdiction.

16. As required by Section 1129(a)(7) of the Bankruptcy Code, with respect to each Impaired Class, each holder of an allowable Claim in such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such holder will receive, and has agreed to receive under the Plan.

17. The requirements of Section 1129(a)(8) of the Bankruptcy Code are satisfied with respect to each class of claims or interests because such class has accepted the Plan or is not impaired under the Plan.

18. The Plan provides for the treatment of Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Non-Tax Priority Claims pursuant to Section 507(a) of the Bankruptcy Code, in accordance with Section 1129(a)(9) of the Bankruptcy Code, except to the extent that the holder of a particular Claim has agreed in writing to less favorable treatment.

19. Section 1129(a)(10) of the Bankruptcy Code is satisfied because the Plan provides for one impaired class of claims, and that class has voted to accept the Plan.

20. Section 1129(a)(11) of the Bankruptcy Code is satisfied because the liquidation of the Debtor is proposed in the Plan.

21. As required by Section 1129(a)(12) of the Bankruptcy Code, all fees payable pursuant to 28 U.S.C. § 1930 as determined by the Bankruptcy Court at the Confirmation Hearing shall be paid, with any interest, by the Reorganized Debtor, on or before the Effective Date.

22. Sections 1129(a)(13), (14), (15), and (16) of the Bankruptcy Code are not applicable to this case.

23. The primary purpose of the Debtor's Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No party that is a governmental unit, or any other entity, has requested that the Court decline to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

Based on the foregoing, it is hereby

**ORDERED**, that the Plan is **CONFIRMED** in accordance with Section 1129(a) of the Bankruptcy Code; and it is further

**ORDERED**, that upon the Effective Date, the Plan will be administered by the Plan Administrator, which is the disbursing agent; and it is further

**ORDERED**, that as of the Effective Date, the Christopher F. Graham of Eckert Seamans Cherin & Mellot, LLC shall be deemed to have been duly appointed as the disbursing agent (the "Disbursing Agent") and the plan administrator (the "Plan Administrator") with the powers and duties set forth in the Plan and otherwise necessary to implement and consummate the Plan. The Disbursing Agent/Plan Administrator is authorized and empowered to execute, deliver and/or file such documents, and make such payments, as are necessary to consummate the Plan in accordance with its provisions. All actions contemplated by the Plan are authorized and approved in all respects, subject to the provisions of the Plan and this Confirmation Order; and it is further

**ORDERED**, that pursuant to Local Rule 3021-1, within fourteen (14) days after the entry of an order confirming a chapter 11 plan, the plan proponent or other responsible person under the plan must submit to the Court on presentment in accordance with Local Bankruptcy Rule 9074-1 a proposed order that shall contain a timetable with the steps proposed for achieving substantial

consummation of the plan and entry of a final decree, including resolution of claims and resolution of avoidance and other bankruptcy court litigation outstanding or contemplated; and it is further

**ORDERED**, that pursuant to Local Rule 3022-1, within fourteen (14) days after the estate is fully administered and the Court has discharged any trustee serving in the case, the debtor, trustee or estate representative must file and serve upon the United States Trustee a closing report substantially in the form available on the Court's website; and it is further

**ORDERED**, that pursuant to Section 1141(a) of the Bankruptcy Code, from and after the Confirmation Date, the Plan shall be binding upon the Debtor, all holders of Claims against, and Interests in, the Debtor and any other party in interest in the Chapter 11 case and their respective successors and assigns, regardless of whether the claims or Interests of such holders or obligations of any party in interest (i) are in a Class that is Impaired under the Plan, (ii) have accepted the Plan, (iii) have filed a proof of claim or interest in the Chapter 11 Case, or receive a distribution under the Plan; and it is further

**ORDERED**, that pursuant to Section 1141(d)(3) of the Bankruptcy Code, subject to the terms of the Plan, the Debtor is a corporation that is liquidating and accordingly is not receiving a discharge in this case; and it is further

**ORDERED**, that the Debtor/Reorganized Debtor shall (1) pay all U.S. Trustee Fees, with any interest pursuant to 28 U.S.C. § 1930, in accordance with the terms of the Plan, which will accrue until such time as the Court enters a final decree closing the Debtor's case, or until the conversion or dismissal of the case, whichever happens earlier and (2) file quarterly post-confirmation disbursement and status reports no later than fifteen days after the end of each quarter until the closing, conversion or dismissal of this case; and it is further

**ORDERED**, that after the entry of this Confirmation Order, the Debtor may modify the Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in this Confirmation Order as may be necessary to carry out the purposes and effects of the Plan pursuant to Section 1127; provided that (i) the Debtor obtains approval of the Bankruptcy Court for such modification, after notice and a hearing, and (ii) such modification shall not materially and adversely affect the interests, right or treatment of distributions to any Class under the Plan; and it is further

**ORDERED**, that pursuant to Section 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, upon the occurrence of the Effective Date, the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law; and it is further

**ORDERED**, that to the extent that this Confirmation Order and/or the Plan conflicts with (i) any other agreement entered into between the Debtor and any party, or (ii) other orders of the court, the Plan controls any such agreements or prior orders, and this Confirmation Order controls the Plan; and it is further

**ORDERED**, that the Court retains jurisdiction over any matters or disputes arising in connection with or related to the Plan; and it is further

**ORDERED**, that the Debtor is authorized to consummate the Plan and the transactions contemplated thereby immediately upon, or concurrently with, the occurrence of the Effective Date of the Plan.

Dated: New York, New York
      October 17, 2019

<u>**s/Michael E. Wiles**</u>
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE