**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
10 Bank Street, Suite 700
White Plains, NY 10606
Telephone: (914) 286-6443
Christopher F. Graham
Harry A. Readshaw
Ren-Ann A. Wang

*Counsel for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>VILLAGE RED RESTAURANT CORP.<br>d/b/a WAVERLY RESTAURANT,<br><br>                                  Debtor. | Chapter 11<br><br>Case No. 18-10960 (MEW) |
| CHRISTOPHER F. GRAHAM, as Plan Administrator of the Estate of Village Red Restaurant Corp.,<br><br>                                  Plaintiff,<br><br>                  -against-<br><br>CHRISTINE SERAFIS,<br><br>                                  Defendant. | Adv. Pro. No. 20-_____ |

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT**
**TRANSFERS, IMPROPER POST-PETITION TRANSFERS**
**AND ILLEGAL DIVIDENDS**

Christopher F. Graham, the Plan Administrator (the "Plan Administrator" or "Plaintiff") of the estate of Village Red Restaurant Corp. d/b/a Waverly Restaurant (the "Debtor"), by and through his counsel, Eckert Seamans Cherin & Mellott, LLC, as and for his complaint (the "Complaint") herein against Christine Serafis (the "Defendant"), respectfully alleges as follows:

**JURISDICTION AND VENUE**

1.      This adversary proceeding relates to the bankruptcy case of *In re Village Red Restaurant Corp., d/b/a Waverly Restaurant*, Case No. 18-10960 (MEW) (the "Bankruptcy

Case"), which is currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. This is a core proceeding and the Bankruptcy Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b).

3. Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## BASIS FOR RELIEF

5. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 541, 542, 544, 548, 549 and 550, Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), §§ 273, 274, 275 and 276 of the New York Debtor and Creditor Law, and §§ 510, 719, and 720 of the New York Business Corporation Law.

## PARTIES

6. Plaintiff, Christopher F. Graham, the Plan Administrator in this Bankruptcy Case, maintains a place of business at 10 Bank Street, Suite 700, White Plains, New York 10606.

7. The Debtor is a New York corporation and operates a restaurant located at 385 6th Avenue, New York, NY 10014, called the Waverly Restaurant.

8. Defendant Christine Serafis is currently, and has been for all times relevant to this Complaint, the president and sole owner of the Debtor, and maintains a residence at 73-20 31st Avenue, Jackson Heights, New York.

9. Defendant is an insider of the Debtor under 11 U.S.C. §101(31).

## BACKGROUND

10. On April 6, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

11. On July 10, 2019, the Debtor filed its Chapter 11 Plan (the "Plan") [Dckt. No. 52].

12. On September 12, 2019, the Debtor filed its Amended Plan (the "Amended Plan") [Dckt. No. 61], which was later revised to appoint attorney Christopher F. Graham as Plan Administrator [Dckt. No. 67] (the "Confirmed Plan").

13. On October 17, 2019, an Order was entered approving and confirming the Confirmed Plan [Dckt. No. 72].

14. Accordingly, Christopher F. Graham was appointed as the Plan Administrator, and is authorized to bring this action pursuant to the Confirmed Plan.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. The Debtor and Defendant's Ownership Thereof

15. The Debtor operates the Waverly Restaurant, a twenty-four hour diner in Manhattan, New York, that provides both dine-in and delivery services.

16. Prior to approximately June 2018, Defendant did not manage, operate, or direct the activities of the Debtor in any way.

17. Rather, Defendant's father (and a prior owner of the Debtor), Nicholas Serafis, ("Mr. Serafis") possessed carte blanche authority to manage and operate the Debtor.

18. Despite the fact that Defendant owned the Debtor, Defendant viewed Mr. Serafis as the owner and operator of the Debtor until his death in June, 2018.

19. Until shortly prior to his passing, Mr. Serafis directed the operations of Debtor, including, *inter alia*, making all employment decisions such as hiring, firing, and compensation,

ordering all supplies for the Debtor, paying the expenses of the Debtor, and managing and directing all operations of the Debtor.

20. In directing the operations of the Debtor, Mr. Serafis caused the Debtor to make payments to Defendant and other third parties (such as employees, the Debtor's landlord and vendors) by signing checks using Defendant Christine Serafis' stamped signature, which Mr. Serafis applied using a signature stamp which enabled Mr. Serafis to sign checks on the Debtor's account without any supervision or oversight by Defendant.

21. As Mr. Serafis' health began to fail toward the end of his life, John Captan, who had been working as the Debtor's General Manager for approximately ten (10) years, took over Mr. Serafis' role in directing the operations of the Debtor, including signing the Debtor's checks using Defendant Christine Serafis' stamped signature to make payments from Debtor's account, just as Mr. Serafis had done for years prior.

22. The Defendant resided in the country of Greece for all or most of the time of her pre-petition ownership of the Debtor and did not perform any substantive duties or management activities for the Debtor.

23. To the contrary, the Defendant merely owned the Debtor and only became involved in the operations of the Debtor post-petition.

**B. Transfers from Debtor to Defendant**

24. From the time Defendant acquired the Debtor, until January 2018, at the earliest, Defendant lived in Greece and did not perform any services for or contribute in any way to the operation of the Debtor.

25. Nonetheless, from 2012 to the Present, Debtor made numerous transfers to Defendant (the "Transfers"), despite the fact that Defendant did not contribute in any way to the

Debtor from 2012–2017 and performed only de minimus "supervisory" functions remotely from Greece during 2018.

26. From January 2018–March 2018, Debtor had a net income of -$17,376.77.

27. Despite not contributing in any way to the operations of the Debtor, Defendant received the following Transfers from the Debtor:

    a) $42,300 in wages, tips, and/or other compensation in 2012;

    b) $59,085 in wages, tips, and/or other compensation in 2013;

    c) $63,180 in wages, tips, and/or other compensation in 2014;

    d) $63,180 in wages, tips, and/or other compensation in 2015;

    e) $63,180 in wages, tips, and/or other compensation in 2016;

    f) $56,000 in dividends in 2017;

    g) $45,750 in wages, tips, and/or other compensation in 2017; and

    h) $800 a week from the beginning of 2018 until April 18, 2018.

28. The above totals, all of which appear on the Defendant's tax returns, total approximately $403,875.00.

29. Additionally, beginning on April 25, 2018, merely 19 days after Debtor filed for Chapter 11 relief with the Bankruptcy Court, Defendant Christine Serafis received additional Transfers of approximately $2,000/week from the Debtor, despite the Defendant continuing to spend approximately 80% of her time in Greece and making only de minimus supervisory contributions to the Debtor, if any at all. This increase of salary to the insider Defendant does not appear to have been done in the ordinary course of business of the Debtor or approved by the Bankruptcy Court.

30. Further, and in addition to the above-described Transfers, the Debtor made

additional Transfers in the form of checks to Defendant, each for several thousands of dollars and each bearing Defendant Christine Serafis' own signature, including the following:

| Village Red Restaurant Corp. Check Number | Date | Amount | Made Payable To | Signed By |
|---|---|---|---|---|
| 5143 | 11/2/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5144 | 11/2/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5145 | 11/2/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5146 | 11/2/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5164 | 12/1/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5165 | 12/1/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5166 | 12/1/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5167 | 12/1/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5168 | 12/1/2017 | $9,000 | Christine Serafis | Christine Serafis |
| 5169 | 12/1/2017 | $5,000 | Christine Serafis | Christine Serafis |

31. The Transfers to the Defendant total at least $493,875.00 for pre-petition Transfers, plus an additional currently undetermined amount for improper post-petition Transfers made to the Defendant.

32. Additional Transfers may be identified as further discovery is conducted. It is Plaintiff's intent to avoid and recover all avoidable Transfers made to Defendant whether expressly identified.

## COUNT I
### (Avoidance of Fraudulent Transfers – Actual Fraud 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550; and N.Y. Debtor and Creditor Law § 276)

33. The forgoing Paragraphs 1 through 32 are incorporated by reference as if fully set forth herein at length.

34. The Transfers were transfers of the Debtor's interest in property.

35. The Transfers were not made in exchange for reasonably equivalent value.

36. The Transfers were made for the benefit of Defendant Christine Serafis.

37. At the time the Transfers were made, (a) Debtor was insolvent; (b) the Transfers

rendered Debtor insolvent; (c) the Transfers left Debtor with unreasonably small capital; (d) Debtor believed that it would incur or intended to incur debts and/or liability beyond Debtor's ability to pay as they matured and became absolute; and (e) Debtor made the transfer to benefit Defendant Christine Serafis, an insider.

38. The Transfers were made with the actual intent to hinder, delay, and/or defraud creditors.

39. Specifically, such intent can be inferred from, *inter alia*, the increased salary Defendant received from Debtor three weeks after the Bankruptcy Proceeding was filed; the pattern of Defendant receiving tens of thousands of dollars in "salary" for making precisely zero contributions to the Debtor over the course of several years; the numerous sets of checks issued from Debtor's checkbook to Defendant bearing her signature in amounts of several thousands of dollars dated the same day but lacking any description for services rendered in exchange for the check, among other traditional badges of fraud, all while the Debtor was failing to properly compensate its employees under New York and Federal Law. [1]

40. As a direct result of the foregoing, Debtor has been improperly divested of its own assets to the detriment of the Debtor and its creditors.

41. The Transfers are avoidable under 11 U.S.C. §§ 544(b), 548(a)(1)(A) and 550; and N.Y. Debtor and Creditor Law § 276.

42. Based upon the foregoing, the Plan Administrator is entitled to an order and judgment against Defendant avoiding the Transfers and directing the Defendant to return the

---

[1] See *Garcia v. Vill. Red Rest. Corp.*, 15 Civ. 6292(JCF), 2017 U.S. Dist. LEXIS 69965 (S.D.N.Y. May 8, 2017), and *Nieto v. Vill. Red Rest. Corp.*, 17 Civ. 2037 (JCF), 2017 U.S. Dist. LEXIS 167216 (S.D.N.Y. Oct. 6, 2017), both alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The employees alleged, among other claims, violations of minimum wage, failure to pay overtime wages, and failure to provide accurate wage statement annual wage notices. The Debtor's employees constitute the creditor body in this Bankruptcy Case.

Transfers to the Plan Administrator together with prejudgment interest and attorneys' fees.

## COUNT II
**(Avoidance of Fraudulent Transfers – Constructive Fraud – 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550; and N.Y. Debtor and Creditor Law §§ 273, 274 and 275)**

43. The forgoing Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein at length.

44. The Transfers were transfers of the Debtor's interest in property.

45. The Transfers were not made in exchange for reasonably equivalent value.

46. The Transfers were made for the benefit of Defendant Christine Serafis.

47. At the time the Transfers were made, (a) Debtor was insolvent; (b) the Transfers rendered Debtor insolvent; (c) the Transfers left Debtor with unreasonably small capital; (d) Debtor believed that it would incur or intended to incur debts and/or liability beyond Debtor's ability to pay as they matured and became absolute; and (e) Debtor made the transfer to benefit Defendant Christine Serafis, an insider.

48. The Transfers were constructively fraudulent as demonstrated by, *inter alia*, the increased salary Defendant received from Debtor three weeks after the Bankruptcy Proceeding was filed; the pattern of Defendant receiving tens of thousands of dollars in "salary" for no consideration over the course of several years, the numerous sets of checks issued from Debtor's checkbook to Defendant bearing her signature in amounts of several thousands of dollars dated the same day but lacking a description for services she rendered in exchange for the check, among other traditional badges of fraud, all while the Debtor was failing to properly compensate its employees under New York and Federal Law.

49. As a direct result of the foregoing, Debtor has been improperly divested of its own assets to its own detriment and the detriment of its creditors.

50. The Transfers are avoidable under 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550; and N.Y. Debtor and Creditor Law §§ 273, 274 and 275.

51. Based upon the foregoing, the Plan Administrator is entitled to judgment against Defendant avoiding the Transfers and directing the Defendant to return the Transfers to the Plan Administrator together with prejudgment interest and attorneys' fees.

### COUNT III
### (Avoidance of Illegal Dividend – N.Y. Business Corporation Law §§ 510, 719, 720)

52. The forgoing Paragraphs 1 through 51 are incorporated by reference as if fully set forth herein at length.

53. Defendant Christine Serafis received a dividend from the Debtor in the amount of $56,000 in 2017 (the "2017 Dividend").

54. At the time of the 2017 Dividend, Debtor was not eligible to declare or pay dividends under New York Business Corporation Law § 510 because the Debtor was insolvent or the 2017 Dividend would have made the Debtor insolvent.

55. Defendant Christine Serafis, as President of Debtor, is liable for the Debtor issuing the illegal 2017 Dividend under New York Business Corporation Law § 719.

56. New York Business Corporation Law § 720 provides a private right of action for the Debtor to hold Defendant Christine Serafis liable under § 719 for the illegal 2017 Dividend.

57. Based upon the foregoing, the Plan Administrator is entitled to judgment against Defendant avoiding the 2017 Dividend in the amount of $56,000 and directing the Defendant to return the 2017 Dividend to the Plan Administrator together with prejudgment interest and attorneys' fees.

### COUNT IV

**(Avoidance of Post-Petition Transfers – 11 U.S.C. § 549)**

58. The forgoing Paragraphs 1 through 57 are incorporated by reference as if fully set forth herein at length.

59. The Transfers made post-petition were transfers of the Debtor's interest in property.

60. The Transfers made post-petition were not made in exchange for reasonably equivalent value.

61. The Transfers made post-petition were not in the ordinary course of business under 11 U.S.C. § 365.

62. The Transfers made post-petition were made for the benefit of Defendant Christine Serafis, an insider of the Debtor.

63. Debtor made a currently unquantified amount of post-petition Transfers to the Defendant, including, but potentially not limited to, weekly payments of $2,000.00, beginning on or about April 25, 2018.

64. Upon information and belief, Defendant was spending approximately 80% of her time in Greece and was only making de minimus contributions to the operations of the Debtor, if any at all when receiving the post-petition Transfers.

65. The post-petition Transfers are avoidable under 11 U.S.C. §549.

66. Based upon the foregoing, the Plan Administrator is entitled to judgment against Defendant avoiding the Transfers made post-petition and directing the Defendant to return the Transfers to the Plan Administrator together with prejudgment interest and attorneys' fees.

### COUNT V
**(Turnover of Property of the Estate – 11 U.S.C. § 550)**

67. The forgoing Paragraphs 1 through 66 are incorporated by reference as if fully set

forth herein at length.

68. The Transfers were transfers of the Debtor's interest in property.

69. The Transfers were made for the benefit of Defendant Christine Serafis.

70. Under Article 7, section 7.02(i)(b) of the Confirmed Plan, the Plan Administrator serves as the successor to the Debtor's estate under 11 U.S.C. § 1123(b)(3) and may, therefore, avoid any transfer in interest of the debtor in property that is voidable under applicable law.

71. The Transfers are avoidable and recoverable under sections 544, 548, 549 and 550 of the Bankruptcy Code and New York law.

72. Based upon the foregoing, the Plan Administrator is entitled judgment against Defendant Christine Serafis directing her to turn over the Transfers to the Plan Administrator, together with prejudgment interest and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that the Bankruptcy Court enter a judgment against Defendant Christine Serafis for avoidance of the foregoing described Transfers, totaling no less than $493,875.00 of pre-spetition Transfers, plus an amount of post-petition Transfers to be determined, and for turnover of said Transfers to the Plan Administrator for the benefit of the Debtor's estate, and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
April 2, 2020

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Christopher F. Graham*
Christopher F. Graham, Esq.
Ren-Ann A. Wang, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
Telephone: (914) 286-6443
cgraham@eckertseamans.com

rwang@eckertseamans.com

and

Harry A. Readshaw
PA ID No. 204287
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
Telephone: (412) 566-6010
hreadshaw@eckertseamans.com
*Admitted Pro Hac Vice*

*Counsel for the Plan Administrator*